USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
SAMIRA ABBAS SAMET, and GAMAL SALEH :
GLYMEED, :
:
Petitioners, :
:
-v - :
:
LEON RODRIGUEZ, *Director of United States* :
*Citizenship and Immigration Services*; LAURIE :
O'BRYON, *Field Office Director, USCIS ROME*; :
CHERI HO, *District Director, Europe, Middle East, and* :
*Africa District*; and UNITED STATES :
DEPARTMENT OF STATE, :
:
Respondents. :
------------------------------------------------------------------X

1:16-cv-7072-GHW

SUMMARY MEMORANDUM
OPINION AND ORDER

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Plaintiff Samira Abbas Samet is a citizen of the United States. Her husband, Plaintiff Gamal Saleh Glymeed, is a citizen of Yemen. The plaintiffs filed an immigrant petition for an alien relative on behalf of Mr. Glymeed. That petition, known as an "I-130," was denied by the United States Citizenship and Immigration Services ("USCIS") on March 10, 2017. Ms. Samet filed an appeal of that decision before the Bureau of Immigration Appeals (the "BIA"). The BIA's decision is still pending. Because a final decision has not yet been rendered with respect to the I-130 petition, the plaintiffs' claims are not ripe, and must be dismissed.

## II. ANALYSIS

Defendants have moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1). "'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it.'" *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The plaintiff bears the burden of establishing jurisdiction in a Rule 12(b)(1) motion, and the plaintiff must meet that burden by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

"Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts." *Nutritional Health All. v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998). It is well-established that because the plaintiffs' administrative appeal before the BIA remains pending, the agency's action is not ripe for review. *See, e.g., Howell v. I.N.S.*, 72 F.3d 288, 294 (2d Cir. 1995).

Plaintiffs' argument that the Court should deviate from this well-established principle in this case because their petition was not filed directly with the USCIS, but was, rather, routed from the Department of State (the "DOS") to the USCIS lacks merit. Petitioners filed the relevant I-130 first with one agency of the government of the United States, the DOS, at the embassy in Djibouti. The DOS transferred the petition to another agency of the United States government, the USCIS, for processing and action. It is the USCIS's denial of the petition that is the subject of the pending appeal. The plaintiffs claim that the decision by the DOS to route the I-130 petition to the USCIS is an independent final agency action that is ripe for review.

The DOS's transfer of the petition to another government agency for action was not a "final" agency action that is ripe for review. "As a general matter, two conditions must be satisfied for agency action to be 'final': First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow,' . . . ." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations

2

omitted). The transfer of the petition here from one government agency to another for processing meets neither requirement.

The plaintiffs assert that the processing of their application was affected by the "malfeasance" of a "corrupt" consular official. Plaintiffs' Memorandum of Law, ECF No. 51, at 2. But those broad contentions do not vest the Court with jurisdiction. The plaintiffs provide no case law to support the proposition the Court can properly review an administrative act by one government agency to transfer a file to the competent agency for decision—here, transferring an immigration petition to the agency principally responsible for immigration decisions. The Court has no basis here to enforce the plaintiffs' preferred choice of forum within the United States government for the processing of their I-130 petition. In the absence of viable case law supporting the plaintiffs' position, the Court concludes that it lacks jurisdiction to address the concerns that the plaintiffs have raised.

## III. CONCLUSION

For the reasons outlined above, defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 7, 2018
New York, New York

GREGORY H. WOODS
United States District Judge